UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SONIC INDUSTRY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE COCA-COLA COMPANY, <br><br> Defendant. | Civil Action No: 13-CV-9240 <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Sonic Industry, LLC ("Plaintiff"), by and through its undersigned counsel, files this Original Complaint against The Coca-Cola Company, ("Defendant") as follows:

**NATURE OF THE ACTION**

1. This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 5,954,793 entitled "*Remote Limit-Setting Information System*" (the "'793 patent"; a copy of which is attached hereto as Exhibit A). Plaintiff is the exclusive licensee of the '793 patent with respect to the Defendant. Plaintiff seeks injunctive relief and monetary damages.

**PARTIES**

2. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware. Plaintiff maintains its principal place of business at 3422 Old Capital Trail, PMB (STE) 1549, Wilmington, DE 19808-6192. Plaintiff is the exclusive licensee of the

1

'793 patent with respect to the Defendant, and possesses the right to sue for infringement and recover past damages.

3. Upon information and belief, Defendant is a company headquartered in Atlanta Georgia, and conducting business in the State of Illinois.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Defendant because: Defendant is present within or has minimum contacts with the State of Illinois and the Northern District of Illinois; Defendant has purposefully availed itself of the privileges of conducting business in the State of Illinois and in the Northern District of Illinois; Defendant has sought protection and benefit from the laws of the State of Illinois; Defendant regularly conducts business within the State of Illinois and within the Northern District of Illinois; and Plaintiff's causes of action arise directly from Defendant' business contacts and other activities in the State of Illinois and in the Northern District of Illinois.

6. More specifically, Defendant, directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of Illinois, and the Northern District of Illinois. Upon information and belief, Defendant has committed patent infringement in the State of Illinois and in the Northern District of Illinois, has contributed to patent infringement in the State of Illinois and in the Northern District of Illinois, and/or has induced others to commit patent infringement in the State of Illinois and in the Northern District of

Illinois. Defendant solicits customers in the State of Illinois and in the Northern District of Illinois. Defendant has many paying customers who are residents of the State of Illinois and the Northern District of Illinois and who each use each of the respective Defendant's products and services in the State of Illinois and in the Northern District of Illinois.

7. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – PATENT INFRINGEMENT

8. The '793 patent was duly and legally issued by the United States Patent and Trademark Office on September 21, 1999, after full and fair examination, for systems and methods for setting limits on a remote information system. Plaintiff is the exclusive licensee of the '793 patent with respect to the Defendant, and possesses all rights of recovery under the '793 patent with respect to the Defendant, including the right to sue for infringement and recover past damages.

9. Plaintiff is informed and believes that Defendant owns, operates, advertises, controls, sells, and otherwise provides hardware and software for "remotely setting limits on an information processing system." Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '793 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for using a remote device to set a selection and limit on a server. More particularly, Plaintiff is informed and believes that Defendant sells and/or requires and/or directs and/or allows users to access and/or use a software system on a remote device to enter and verify selection and limit parameters for receiving alerts related to stock information prior to transmitting the parameters to a host computer for processing, in a manner claimed in the

'793 patent. Upon information and belief, Defendant has contributed to the infringement of one or more claims of the '793 patent, and/or actively induced others to infringe one or more claims of the '793 patent, in this district and elsewhere in the United States.

10. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

11. Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

12. Defendant's infringement of Plaintiff's exclusive rights under the '793 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

13. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

- A. An adjudication that one or more claims of the '793 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant and/or by others to whose infringement Defendant has contributed and/or by others whose infringement has been induced by Defendant;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with pre-judgment and post-judgment interest;

C. That, should Defendant's acts of infringement be found to be willful from the time that Defendant became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Original Complaint at the latest, that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the '793 patent;

E. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

F. Any further relief that this Court deems just and proper.

Dated: December 27, 2013

Respectfully submitted,

**Parikh Law Group, LLC**

　　　　s/ Justin Kaplan　　　　

Justin Kaplan (6298464)
Attorney for Plaintiff
PARIKH LAW GROUP, LLC
150 S. Wacker Drive, Suite 2600
Chicago, IL 60606
(312) 725-3476 (tel.)